UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 17-CV-3153 (JFB)

SAMUEL OSUJI,

Appellant,

VERSUS

DEUTSCHE BANK, N.A., ET AL.,

Appellees.

**MEMORANDUM AND ORDER**
September 28, 2018

JOSEPH F. BIANCO, District Judge:

Samuel Osuji ("appellant") appeals from a May 9, 2017 Order entered by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") granting a motion by Deutsche Bank National Trust Company ("Deutsche Bank") as trustee for Indymac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1 ("Indymac"). In its motion (the "Stay Relief Motion"), Deutsche Bank requested that the Bankruptcy Court terminate the automatic stay as it applied to one of the properties appellant listed in his bankruptcy schedules. The Bankruptcy Court issued the Order on appeal (the "Stay Relief Order") terminating the stay for cause, and specified that the stay was terminated as to Deutsche Bank, its agents, assigns, or successors in interest, so that they could "take any and all action under applicable state law to exercise their remedies against the Property." (ECF No. 1 at 9.)[1]

On September 1, 2017, Deutsche Bank (as trustee for Indymac, and collectively, "appellees") responded to this appeal, arguing that the Bankruptcy Court properly entered the Stay Relief Order "as there was a lack of adequate protection, lack of equity, there was no reorganization as this was a Chapter 7 case, and the Court had already decided to abstain from litigation relating to Deutsche Bank's standing to enforce the Note and Mortgage." (ECF No. 8 at 1.) As set forth below, after a *de novo* review, the

---

[1] Citations to the record in this case are noted as "(ECF No. [docket number]."

Court finds the instant appeal to be without merit and affirms the Bankruptcy Court's Stay Relief Order.

I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the record in the underlying Bankruptcy Court proceeding, the related adversary proceeding, and the instant appeal.

A. The Underlying Chapter 7 Bankruptcy

Appellant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 30, 2015. In his chapter 7 case, appellant filed bankruptcy schedules listing five properties that he claimed to own, including the property at issue in the instant appeal, located at 113 Lawrence Street, Uniondale, New York 11553 (the "Lawrence Street Property" or the "Property"). Affidavit, *In re Osuji*, No. 15-75534-ast (Bankr. E.D.N.Y. Jan. 13, 2016),[2] ECF No. 9 at 2-4. Appellant listed the Property as valued at $189,000.00 and indicated that he intended to retain it, claiming a 100 percent exemption of the fair market value. *Id.*, ECF No. 9 at 4, 13.

On October 27, 2016, the trustee in the bankruptcy proceeding filed a status report to inform the Bankruptcy Court of his intention "to pursue or not pursue" any interest of the estate in the five properties appellant claimed to own. *Id.*, ECF No. 40. The trustee stated only his intention "to administer the Estate's interest in one of the subject properties," *id.* at 1; he did not state an interest in administering the Lawrence Street Property.

B. Appellees' Stay Relief Motion

On March 15, 2017, appellees filed the Stay Relief Motion, requesting that the Bankruptcy Court grant relief from the automatic stay with respect to the Lawrence Street Property. *Id.*, ECF No. 70. Appellees requested relief "so that the New York Supreme Court may hear the Foreclosure Action" involving this Property, *id.*, ECF No. 69 at 7, and thereby enable Deutsche Bank to "exercise its rights and remedies with respect to the Property under applicable state law," *id.* at 8.

In support of their motion, appellees explained that Deutsche Bank was the holder of the Note and assignee of the Mortgage on this Property. *Id.* at 2. Appellees stated that the previous owner of the Property had stopped paying his monthly mortgage payments and was, therefore, in default on the loan he had taken to purchase the Property (which was secured by the Note and Mortgage assigned to Deutsche Bank). *Id.* On December 30, 2009 (following the default on the April 1, 2009 mortgage payment, and all payments thereafter), a foreclosure action was commenced to close on the Property. *Id.* at 2-3.

As stated *supra*, appellant also claimed to own this Property, and filed a state court action in 2012 seeking a judgment awarding him legal title to the Property. *Id.* at 3. Appellant thereafter filed his bankruptcy petition on December 30, 2015. Appellees explained in their Stay Relief Motion that "[although] Debtor is not a party to the Note and Mortgage and his claimed interest in the Property remains unrecorded in the land records, Deutsche Bank stayed the Foreclosure Action upon notice of Debtor's claim of ownership in the Property and his

---

[2] References to the underlying bankruptcy proceeding will be cited as "*In re Osuji*, ECF No. [docket number]."

bankruptcy filing." *Id.* at 4.

In support of their Stay Relief Motion, appellees also summarized the procedural history of appellant's adversary proceeding relating to the Property: On March 30, 2016, appellant brought an adversary proceeding against Indymac Bank, F.S.B.,[3] alleging that Indymac was not, in fact, the holder of the Note and Mortgage encumbering the Lawrence Street Property.[4] *Id.* at 5; Adversary Complaint, *Osuji v. Indymac Bank F.S.B.*, No. 16-8045-ast (Bankr. E.D.N.Y. Mar. 30, 2016)[5], ECF No. 1 at 1-2. On February 2, 2017, the Bankruptcy Court issued an Order abstaining from the adversary proceeding (the "Abstention Order").[6] *Id.*, ECF No. 29 at 15-16. The Bankruptcy Court explained that "permissive abstention [wa]s warranted because state law issues predominate over this adversary proceeding." *Id.* at 13.

Following this Order, appellees filed their Stay Relief Motion, noting that "[t]he Abstention Order unequivocally states that the state law issues relating to the Property should be addressed by the New York Supreme Court," and that this was not possible in light of the automatic stay that resulted, pursuant to 11 U.S.C. § 362, when appellant filed for bankruptcy in federal court. *In re Osuji*, ECF No. 69 at 7. As stated *supra*, appellees requested that the Bankruptcy Court grant relief from the automatic stay so that they could pursue the foreclosure action in state court. (ECF No. 1 at 7.) Appellees attached a copy of the Note, Mortgage, and Assignment of Mortgage to the affirmation filed in support of their motion. *In re Osuji*, ECF Nos. 69-2, 69-3, 69-5. Appellant opposed, asserting that Deutsche Bank was not the holder of the Note and Mortgage, had not submitted any evidence demonstrating how it became the holder of the Note, and did not have standing to seek relief from the automatic stay. *Id.*, ECF No. 77 at 2. The Bankruptcy Court held a hearing on the motion, during which appellees' counsel stated that he had the original Note in his possession in court that day. (ECF No. 1 at 4.)

C. The Stay Relief Order

On May 9, 2017, the Bankruptcy Court issued its Stay Relief Order, stating that "[b]ased on the entire record before the Court, Deutsche has successfully demonstrated for the purposes of this Motion that it is the holder of the Note endorsed in blank and has standing to seek relief from the automatic stay." (ECF No. 1 at 4.) The Bankruptcy Court determined that there was "cause, including lack of adequate protection, under 11 U.S.C. § 362(d)(1)," and terminated the stay as it applied to the Property. (*Id.* at 9.) The Bankruptcy Court also specifically stated that the stay was terminated as to Deutsche Bank, its agents, assigns, or

---

[3] Deutsche Bank responded in both the adversary proceeding and the instant appeal as trustee for Indymac. *Indymac Adversary Proceeding*, ECF No. 5 at 1; (ECF No. 2). Deutsche Bank has indicated that appellant improperly identified appellees as "Deutsche Bank, N.A." and "IndyMac Bank, F.S.B.," rather than as the Court has identified them in this Order. (ECF No. 2.)

[4] Appellant alleged that Indymac commenced a state foreclosure action against the Lawrence Street Property on August 17, 2009, and that he acquired an ownership interest in the property on March 7, 2014. *Indymac Adversary Proceeding*, ECF No. 1 at 4.

[5] References to the adversary proceeding will be cited as "*Indymac Adversary Proceeding*, ECF No. [docket number]."

[6] Appellant appealed, and this Court issued an Order on January 26, 2018 concluding that the Bankruptcy Court did not abuse its discretion in permissively abstaining. *Id.*, ECF Nos. 30, 44. The Clerk of the Court entered judgment and the adversary proceeding was closed. *Id.*, ECF No. 45.

successors in interest, so that they could seek to exercise their remedies against the Property in state court. (*Id.*) The Bankruptcy Court stated that "whether Deutsche can ultimately prevail in a state foreclosure action . . . is for the state courts to determine." (*Id.* at 7.)

In order to determine whether cause existed to lift the automatic stay "to allow [the] stayed proceeding to continue in state court," the Bankruptcy Court considered twelve factors that the Second Circuit has established may guide courts deciding such cases (the "*Sonnax* factors," discussed *infra*). (*Id.* at 8.) The Bankruptcy Court concluded that these factors weighed in favor of granting relief from the automatic stay. (*Id.*) In particular, the Bankruptcy Court determined that cause existed because the stay prevented the state court from adjudicating the parties' claims, and was thus "inimical to the ability of the parties to receive a determination of who has what rights in the Property." (*Id.* at 8-9.) The Bankruptcy Court also noted that neither the Note obligor nor Debtor had made payments on the Note in approximately eight years and, thus, "[t]hese ongoing material defaults constitute a lack of adequate protection." (*Id.* at 9.)

D. Appeal

Appellant filed his notice of appeal of the Stay Relief Order on May 24, 2017. (ECF No. 1.) Appellant filed his brief on August 4, 2017. (ECF Nos. 6, 7.) Appellees filed their opposition on September 1, 2017. (ECF No. 8.) Appellant filed his reply on September 25, 2017. (ECF No. 11.) The Court has fully considered the parties' submissions.[7]

II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). Part VIII of the Federal Rules of Bankruptcy Procedure outlines the procedure governing such appeals. Fed. R. Bankr. P. 8001.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re*

---

[7] The Court notes that after appellant (1) received the Bankruptcy Court's Abstention Order, stating that state law issues predominated, on February 2, 2017, and (2) appealed the Bankruptcy Court's Stay Relief Order on May 24, 2017 (requesting that the Court *not* allow appellees to proceed in state court), appellant appeared before the Bankruptcy Court on March 1, 2018 and informed the Court that he wished for the state court—rather than the federal court—to decide the issues relating to the Lawrence Street Property. Transcript & Notice, *U.S. Bank National Association as Trustee, for the GSAMP Trust 2006-NC1 Mortgage Pass-Through Certificates, Series 2006-NC1 v. Osuji*, No. 17-8248-ast (Bankr. E.D.N.Y. Mar. 1, 2018), ECF No. 43 at 50-52. During this hearing, appellant expressed his frustration with being a defendant in this new adversary proceeding in federal court, in light of the fact that the plaintiffs in the proceeding—including Deutsche Bank as trustee for Indymac—had previously requested that the Bankruptcy Court abstain in favor of state court adjudication. *Id.* at 50. The Bankruptcy Court pointed out in response that appellant's appeals of its abstention orders were still pending, and asked appellant to "pick a side . . . either [you] want the Court to abstain from State law issues . . . or you want it all to be litigated here." *Id.* at 50-51. Appellant responded that "[his] position is that the Court should allow this case to go to the State Court." *Id.* at 52.

All briefing in the instant appeal was submitted by the end of September 2017—well before this March 2018 hearing—and appellant did not subsequently file any letters or otherwise communicate his changed position to this Court. Thus, the Court has decided the appeal on the merits.

4

*Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, its conclusions of law *de novo*, and its decision to award costs, attorney's fees, and damages for abuse of discretion." (citations omitted)); *In re Ionosphere Clubs*, 922 F.2d 984, 988-89 (2d Cir. 1990). In addition, "[t]he Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Miller*, Nos. 08 Civ. 4305 (JGK), 08 Civ. 4306 (JGK), 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009); *Bristol v. DeRosa*, No. 09-CV-3730 (JFB), 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010).

The Court will review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) ("[W]e may overturn a denial of a motion to lift the automatic stay upon a showing of abuse of discretion." (citation omitted)); *In re Case*, 384 F. App'x 43, 44 (2d Cir. 2010) ("We review a decision to lift an automatic stay for abuse of discretion." (citation omitted)); *In re Great Atlantic & Pacific Tea Co.*, 467 B.R. 44, 50 (S.D.N.Y. 2012), *aff'd sub nom. Grocery Haulers, Inc. v. Great Atl. & Pac. Tea Co.*, 508 F. App'x 63 (2d Cir. 2013) ("A bankruptcy court's equitable discretion—such as its determination on a motion to lift the automatic stay—is reviewed for abuse of discretion." (citation omitted)).

III. DISCUSSION

A. Legal Standard

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a). Section 362(d) provides, however, that a court may terminate or modify the automatic stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

With respect to subsection (1), the Court considers the factors the Second Circuit discussed in *In re Sonnax Indus.*, 907 F.2d 1280. There, "the Second Circuit provided a non-exclusive list of factors that may be relevant in determining whether an automatic stay should be lifted for 'cause' under § 362(d)(1)."[8] *In re Watkins*, Nos. 06-CV-

---

[8] These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action

5

1341 (DGT), 06-CV-597 (DGT), 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008). Courts consider the term "for cause" to be "a broad and flexible concept that must be determined on a case-by-case basis." *In re AMR Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013) (citing *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) ("Not every one of [the *Sonnax*] factors will be relevant in every case. The ultimate determination whether to lift a stay depends upon the facts underlying a given motion.")). With respect to subsection (2), "[a] creditor has the burden of establishing that the debtor has no equity in the property, 'the burden [then] shifts to the debtor to prove that the property is "necessary to an effective reorganization."'" *2670 West Ridge Road, LLC v. Real Estate Asset Purchase Corp.*, No. 10-CV-6095-CJS, 2010 WL 3516584, at *2 (W.D.N.Y. Sept. 3, 2010) (citation omitted).

B. Application

First, the Court will review whether or not the Bankruptcy Court properly concluded that appellees qualify as a party in interest for the purposes of Section 362(d), and then review for abuse of discretion the Bankruptcy Court's determination that cause existed to lift the stay.

1. Party in Interest

The "evidence necessary to establish standing" as a party in interest "to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage." *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). However, proof of standing does "not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien." *Id.* at 239. Instead, "the level of proof necessary to commence a foreclosure action under New York law . . . is the appropriate level of proof necessary to confer standing to seek stay relief." *Id.* at 241; *see also In re Idicula*, 484 B.R. 284, 287 (Bankr. S.D.N.Y. 2013) (explaining that a creditor may "demonstrate[] its 'right to payment' [by demonstrating its] ability to seek the state law remedy of foreclosure." (citations omitted)). Courts in such cases have required only that "where the movant claims rights as a secured creditor by virtue of an assignment of rights to a promissory note secured by a lien against real property, it . . . provide satisfactory proof of its status as the owner or holder of the note at issue." *In re Escobar*, 457 B.R. at 241. Movants have satisfied their burden of proof through "uncontroverted affidavit testimony that they are holders of the Notes by virtue of possession of the original notes executed with endorsements in blank (pay to the order of \_\_\_\_)." *Id.*

Here, appellant argues that the Bankruptcy Court abused its discretion in granting relief from the automatic stay on the grounds that appellees lack standing to assert a claim in appellant's estate.[9] This

---

primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax Indus.*, 907 F.2d at 1286.

[9] Appellant presents his standing argument as six separate issues, including whether the Bankruptcy Court erred in granting relief from the stay because (1) appellees were not a party in interest, (2) the Bankruptcy Court misappropriated evidence necessary to establish standing, (3) the Bankruptcy

Court disagrees, and concludes that the Bankruptcy Court correctly determined that appellees have standing to seek stay relief because they have provided the requisite proof that Deutsche Bank is the record assignee of the Mortgage.[10] Deutsche Bank has "prove[n] that [it] is the holder of the Note by providing the Court with proof of a written assignment of the Note," *id.* at 240 (citation omitted): exhibits B through E of appellees' moving papers include the recorded Mortgage and assignments thereof,

---

Court determined that the "in blank" Note tendered to the Bankruptcy Court constituted "uncontroverted evidence," (4) the Bankruptcy Court overlooked the affidavit of the Vice President "of the proper entity" and Note endorsed "in the name of the proper entity," (5) the Bankruptcy Court determined that the "worksheet" appellees submitted constituted the affidavit of the Vice President "of the entity claiming to be the owner and holder of the Note, and necessary to authenticate negotiation and delivery of the note," and (6) the Bankruptcy Court determined that Deutsche Bank had presented uncontroverted affirmation that it was in possession of the original Note and was an assignee of the Mortgage. (ECF No. 6 at 7-8.) The Court discusses these standing arguments—all regarding the evidence the parties presented relating to the Note and assignment—together in this section.

[10] Appellant offers several theories that he believes are grounds for the Court to reject appellees' evidence as inadequate. Primarily, appellant claims that appellees are not a party in interest because appellees have not submitted a document by a party with firsthand knowledge of the transaction demonstrating the chain of transfer of the Note. (ECF No. 6 at 14; *see also id.* at 20-21.) Appellant argues that appellees' attorney's affirmation has no probative value because he lacks personal knowledge of the facts. (*Id.* at 14.) Similarly, appellant argues that appellees failed to submit any affidavit or affirmation authenticating the assignment(s) of mortgage, or establishing a principal-agent relationship authorizing the series of transfers of the Note to Indymac and ultimately to Deutsche Bank. (*Id.* at 15-16.)

In support of his claim to ownership, appellant argues that the Mortgage and Note are endorsed in the name of another entity, "as evidenced by the original Note submitted to the bankruptcy court, with an affidavit of the vice president of the owner and holder of the original Note." (*Id.* at 18-19.) Appellant claims that Private Capital Management, LLC, is the holder of the Note and that he provided "uncontroverted affidavit testimony of a party with firsthand knowledge that they are the holder of the Note, by virtue of possession of the original note executed with special endorsement ('Pay to the order of Private Capital Management, LLC')." (*Id.* at 19.) Appellant submitted this Note, dated January 5, 2007, as an exhibit. (ECF No. 7-6.) Appellant concludes that, as the Note was endorsed to Private Capital Management, LLC, Deutsche Bank had no interest and is barred from enforcing the interest of another entity in this Property. (ECF No. 6 at 20.)

In further support of his position that Private Capital Management, LLC, rather than Deutsche Bank, holds the Note, appellant provides affidavits from two expert witnesses, one an expert in "mortgage loan search," and the other in "areas related to the securitization of mortgage loans . . . [and] loan origination and underwriting" (among other listed areas of expertise). (*Id.* at 22-23.) The first expert affidavit states that the expert's mortgage loan search reflected that the subject loan was placed in the Indymac Mortgage Loan Trust on or before February 27, 2007. (ECF No. 7-4 at 1-2.) The second expert declares in his affidavit that he worked with Indymac Bank on the transaction of this loan, and that,

> The Servicer of the trust [in which the subject loan was placed] was Indymac Bank F[S]B, and the named Trustee was Deutsche Bank . . . . The only potential party to a foreclosure wherein the allege[d] financial injury and therefore a right to collect the obligation, enforce the note, or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative . . . A loan Servicer would fit none of these descriptions.

(ECF No. 7-5 at 2-3.) Finally, appellant argues that appellees did not submit "regularly maintained records" showing delivery of the Note along the chain of transfer (and ultimately to Deutsche Bank), or any other evidence of delivery and the fact that Deutsche Bank was in physical possession of the Note. (ECF No. 6 at 24-25.)

The Court has considered these arguments along with appellant's exhibits. None of these arguments alters the Court's conclusion that appellees provided the requisite proof to establish standing to seek relief from the automatic stay.

*In re Osuji*, ECF Nos. 69-2, 69-3, 69-4, 69-5. Additionally, as the Bankruptcy Court noted in its Stay Relief Order, appellees' attorney represented that he had the original Note with him in court during the hearing on this motion. (ECF No. 1 at 4.) Appellees' attorney's affidavit and accompanying exhibits also support the Bankruptcy Court's decision.

Based on this evidence, the Bankruptcy Court correctly found that "Deutsche has successfully demonstrated for the purposes of this Motion that it is the holder of the Note endorsed in blank and has standing to seek relief from the automatic stay." (ECF No. 1 at 4); *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (finding that a party "through its physical possession of the Note and Mortgage . . . [has] met its burden of establishing that it possesses standing to request relief from the automatic stay pursuant to § 362(d)(1)").

2. Section 362(d)(1)

Having affirmed the Bankruptcy Court's conclusion that appellees are a party in interest, the Court now reviews, for abuse of discretion, the Bankruptcy Court's conclusion that relief was justified for cause under Section 362(d)(1). As stated *supra*, the Court has considered the *Sonnax* factors in determining whether the automatic stay should be lifted for cause under Section 362(d)(1), and concludes that cause existed to lift the stay.

First, appellees argue that appellant (and the original mortgagor) failed to make all mortgage payments following the payment due on April 1, 2009, *In re Osuji*, ECF Nos. 70, 70-1, and that this, on its own, is grounds for concluding there was cause for relief from the stay. Courts in this circuit have ruled that a debtor's failure to make mortgage payments can constitute sufficient cause to modify an automatic stay (as the debtor can be deemed to "lack . . . adequate protection of an interest in [the] property"). *In re Campora*, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015) (citing *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993) ("A debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay.")); *In re Fennell*, 495 B.R. at 239 (concluding that cause existed to lift the automatic stay when debtor failed to make mortgage payments, and failed to "introduce [any] evidence to contradict [the] assertion that she is delinquent on her mortgage payments"). Not only does it appear from the record that appellant failed to make mortgage payments, but also Deutsche Bank has paid over $77,000 in real estate taxes for the Property. *Id.*, ECF No. 70-1 at 2. Appellees point out that appellant does not dispute either of these facts and has not asserted that he intends to cure his default or pay off his mortgage in Bankruptcy Court. *See generally id.*, ECF No. 77.

The Court agrees that appellant's non-payment could be grounds on its own for granting the motion for relief from the automatic stay. Nonetheless, the Court has also considered the other *Sonnax* factors and concludes that they weigh in favor of terminating the stay. As appellees argue, lifting the stay to enable appellees to proceed with the state foreclosure action will resolve the issues relating to the Property. As recognized in this Court's January 26, 2018 Order affirming the Bankruptcy Court's Abstention Order, the state court has the expertise to address the foreclosure issues. *See Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605, 614 (E.D.N.Y. 2018). Additionally, lifting the stay with respect to this Property will not significantly interference with the bankruptcy case, as evidenced by the trustee's status report stating his intention to pursue the estate's

8

interest in only one of the properties appellant listed, and not including the Lawrence Street Property. *In re Osuji*, ECF No. 40. The Court also recognizes that (1) lifting the stay and allowing the state foreclosure action to proceed furthers the interests of judicial economy, and (2) at this juncture, the balance of harms favors appellees (in light of appellant's failure to make mortgage payments and the increasing cost to appellees, among other reasons). *See, e.g., In re Cicale*, No. 05-14462 (AJG), 2007 WL 1893301, at *4-5 (Bankr. S.D.N.Y. June 29, 2007); *Thompson v. JP Morgan Chase Bank, N.A.*, No. 11-CV-2905 (JFB), 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012). Further, appellant himself has expressed his interest in having the issues related to this Property adjudicated in state court.[11] *See supra* note 7.

In light of appellant's failure to make mortgage payments (on its own sufficient grounds for finding cause to lift the stay), as well as the Court's analysis of the other *Sonnax* factors, the Court concludes that the automatic stay was properly terminated. The Court finds that the Bankruptcy Court did not abuse its discretion when it granted appellees' motion, and, even under *de novo* review of the Bankruptcy Court's decision, cause existed to terminate the stay pursuant to Section 362(d)(1).[12]

IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in terminating the automatic stay with respect to the Lawrence Street Property. The Court, therefore, affirms the Bankruptcy Court's May 9, 2017 Stay Relief Order in its entirety. The Clerk of the Court shall close this appeal.

SO ORDERED.



JOSEPH F. BIANCO
United States District Judge

Dated: September 28, 2018
Central Islip, New York

\*\*\*

Appellant is represented by Fred J. Berg of Berg Law Firm LLC, 88-34 Sutphin Boulevard, Jamaica, New York 11435, Natalie Jean-Baptiste, Law Office of Natalie Jean-Baptiste, 626 RexCorp Plaza, 6th Floor, Uniondale, New York 11556, and Oleg Vinnitsky of the Berg Law Firm LLC, c/o Island North Tower Professional Co-op, 575 Main Street, Suite # N-711, New York, New York 10044.

Appellees are represented by Brett Lawrence Messinger of Duane Morris LLP, 30 South 17th Street, Philadelphia, Pennsylvania 19103.

---

[11] Even without that statement by appellant, the result would be the same under the *Sonnax* factors.

[12] The Bankruptcy Court's Stay Relief Order states explicitly that the Bankruptcy Court granted appellees' motion "for cause . . . under 11 U.S.C. § 362(d)(1)" (ECF No. 1 at 4), and includes an analysis to determine if cause exists under this section (*id.* at 5-7). Although appellees also argue that stay relief should be granted under Section 362(d)(2), the Bankruptcy Court did not undertake such an analysis with respect to Section 362(d)(2) or express that its decision relied on this section. In light of the Court's conclusion that the Bankruptcy Court did not abuse its discretion in granting relief from the stay pursuant to Section 362(d)(1), the Court need not examine whether it would have been proper to grant relief under Section 362(d)(2).